**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of an Arbitration between<br>CASCADES CONTAINERBOARD PACKAGING – LANCASTER DIVISION,<br><br>                                    Petitioner,<br><br>     And<br><br>GRAPHIC COMMUNICATIONS CONFERENCE OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 503,<br><br>                                    Respondent. | Case No. |

## PETITION TO VACATE ARBITRATION AWARD

Petitioner Cascades Containerboard Packaging – Lancaster Division ("Petitioner" or "Cascades"), by and through its undersigned attorneys, Jackson Lewis P.C., respectfully alleges as follows:

1. Petitioner brings this action to vacate the arbitration award rendered on November 28, 2019 (the "Award") by Arbitrator Eric W. Lawson (the "Arbitrator"), in connection with the termination of Joseph Nemerowicz ("Nemerowicz")—a member of the Graphic Communications Conference of International Brotherhood of Teamsters, Local No. 503 ("Respondent" or "Local 503"). A copy of the Arbitrator's Award ("Award") is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and implicate the provisions of Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, and Section 7511 of the New York State Civil Practice Law and Rules ("CPLR").

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

4. Petitioner resides in and/or regularly does business within the jurisdiction of this Court. The arbitration hearing at issue in this case took place in Cheektowaga, New York in the County of Erie.

5. Upon information and belief, Respondent resides in and/or regularly does business within the jurisdiction of this Court.

6. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Cascades is a corporation authorized to conduct business in the State of New York. It operates and regularly does business primarily from its location at 4444 Walden Avenue, Lancaster, New York 14086. At all relevant times herein, Cascades has conducted business within the Court's judicial district. Cascades is a Division of Cascades Holdings US Inc. Cascades, which engages in the manufacturing of corrugated containers, is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and is engaged in an industry affecting commerce within the meaning of Section 2(7) of the NLRA, 29 U.S.C. § 152(7).

8. Local 503 is, upon information and belief, an unincorporated association under the laws of the State of New York, having its principal office at 1393 South Ave, Rochester, New York 14620. Local 503, which is the collective bargaining representative for certain employees employed by Cascades, is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5).

## THE COLLECTIVE BARGAINING AGREEMENT

9. Cascades and Local 503 entered into a Collective Bargaining Agreement effective October 2, 2016, which is set to expire on October 1, 2020 (hereinafter, the "CBA").[1] A copy of the CBA is attached hereto as Exhibit B.

10. Article 2 of the CBA outlines the management rights language of the CBA.

11. Article 2 ("Management Rights"), Section 2.01 of the CBA states, in relevant part:

> The Union and the employees covered by the [CBA] agree that, except as expressly limited by specific provisions of this [CBA], all of the authority, rights, functions and responsibilities possessed by the Employer are retained by it, including but not limited to . . . terminate, discharge, discipline, demote or relieve employees . . . provided these rights shall not be contrary to the specific provisions of this [CBA].

12. Article 5 of the CBA outlines the applicable grievance procedures.

13. Article 5, Section 5.02 of the CBA defines a grievance as "any claimed violation, misapplication, or misinterpretation of an express provision of the [CBA]."

14. Article 5, Section 5.04, Step 5 ("Arbitration") of the CBA states: "The arbitrator shall have no power or authority to add to, detract from or modify explicitly or impliedly, any express term of this [CBA], and his authority shall be limited to deciding only whether a specific provision of this [CBA] has been violated."

15. Article 6 of the CBA outlines the applicable discipline provisions of the CBA.

16. Article 6, Section 6.01 of the CBA provides Cascades the "right to invoke disciplinary action, including discharge or suspension, upon any employee covered by [the CBA]."

---

[1] Local 503 assumed the contractual obligations under the collective bargaining agreement between Cascades and Local No. 27 of the Graphic Communications Conference of the International Brotherhood of Teamsters (i.e., the named labor organization in the collective bargaining agreement) following an administrative transfer of Local No. 27 into Local 503.

17. Article 15, Section 15.01 of the CBA establishes the categories protected from discrimination as "sex, age, creed, race, color, disability or national origin." Union activity or union status are not included as protected categories.

18. Article 24 of the CBA establishes that the CBA represents the entire agreement between Local 503 and Cascades, such that the parties waive the right to demand bargaining on any matter not covered in the CBA, more commonly referred to as a "zipper clause."

## THE EVENTS LEADING TO ARBITRATION

19. As noted in the Award, in or around July and August 2019, Cascades began an investigation into suspected abuse and fraudulent misuse of leave under the Family and Medical Leave Act ("FMLA") by Nemerowicz. The investigation primarily involved Nemerowicz's pattern of FMLA absences, as his absences often extended weekends, vacations or holidays (e.g., the three days prior to Thanksgiving break, Mondays before his scheduled vacations). Cascades had no other employees with such suspicious FMLA usage.

20. Nemerowicz called out sick on Friday, August 2, Monday, August 5 and Tuesday, August 6 (a time when he was scheduled for vacation but had already exhausted his vacation allotment) and attributed the absences to his certified FMLA condition of "migraine headaches." Cascades hired a private investigation firm to explore Nemerowicz's whereabouts on these August days when he called out sick. The investigation firm photographed and recorded Nemerowicz having a beverage by a pool and washing a sport utility vehicle on the days he called out sick from work due to his FMLA condition.

21. Cascades believed that Nemerowicz's absences constituted FMLA fraud.

22. Cascades suspended Nemerowicz pending further investigation on August 7, 2019.

4

23. Following a review of all available information, Cascades terminated Nemerowicz's employment on August 8, 2019.

24. Even if the CBA required Cascades to establish just cause for termination – which it does not – 14 of the 15 days Nemerowicz requested FMLA leave were either Mondays or Fridays, thereby extending weekends, holidays and vacations and, in the opinion of Cascades, constituted FMLA fraud.

25. On or around August 9, 2019, Local 503 filed a grievance alleging Cascades improperly terminated the employment of Nemerowicz, an employee within the bargaining unit governed by the CBA, and requested Nemerowicz be reinstated and made whole for any lost wages with interest at 9% per annum. A copy of the Grievance Form is attached as <u>Exhibit C</u>.

26. Local 503 and Cascades were unable to resolve their dispute regarding the termination of Nemerowicz and on August 12, 2019, Local 503 requested the Nemerowicz grievance supersede an unrelated grievance previously scheduled to be heard before the Arbitrator on September 10, 2019. On August 19, 2019, Cascades agreed to substitute the Nemerowicz grievance and on August 20, 2019, Local 503 and Cascades confirmed the substitution with the Arbitrator, setting September 10, 2019 as the arbitration hearing date for the Nemerowicz termination grievance.

27. Local 503 and Cascades selected Arbitrator Eric W. Lawson to hear the dispute, pursuant to the Federal Mediation and Conciliation Services arbitrator selection protocol set forth by the CBA.

## THE ARBITRATION PROCEEDING

28. The arbitration hearing was held on September 10, 2019 in Cheektowaga, New York.

29. Although counsel for Cascades explained at the outset of the arbitration hearing that the dispute between the parties revolved around interpretation of the CBA and the lack of a specific provision (e.g., cause or just cause) limiting the ability of Cascades to terminate employees with or without cause, the Arbitrator framed the issue as follows: "Was the discharge of Grievant Nemerowicz pursuant with the [CBA], including Article 6, proper?  If not proper, what shall the remedy be?"  See Exhibit A, p. 16.

30. At the arbitration, both Local 503 witnesses – Local 503 President Michael Stafford and Nemerowicz – testified under oath that the CBA between Local 503 and Cascades does not contain a just cause provision that would limit the ability of Cascades to terminate employees for any lawful reason.

31. Further, Stafford testified under oath that the only place in the CBA where Local 503 and Cascades addresses "cause" in any form is in the article discussing payout of accrued vacation time – and not regarding employee discipline or discharge.

32. Stafford also testified at the arbitration that since he became involved with the Cascades bargaining unit as a union representative in 2012, Local 503 (and Local 27) have not taken any employee terminations to arbitration.

33. On November 28, 2019, the Arbitrator issued an Award sustaining the grievance.

34. Cascades first received notice and a copy of the Award from the Arbitrator on December 2, 2019.

35. Petitioner has filed the present action requesting that the Award be vacated within 90 days of being provided with a copy of the Award by the Arbitrator.

36. In the Award, the Arbitrator found that Petitioner improperly discharged Nemerowicz under Article 6 of the CBA.

37. The Arbitrator converted the termination of Nemerowicz into a "written warning regarding his use of FMLA leave or sick leave occurring pursuant with the [CBA]." See Exhibit A, p. 22.

38. The Arbitrator ordered that Nemerowicz be reinstated to his prior position with all back pay and benefits withheld as a result of his termination.

39. In his Award, the Arbitrator states, "the absence from Article 6 of a written standard by which a 'disciplinary action' can be grieved does not automatically give rise to the imposition of the unrecorded at will doctrine."

40. Further, the Award cites to preamble language of the CBA regarding the "intention and purpose of the parties" to have "harmonious relations" in order to interpret and apply subsequent provisions of the CBA and proceeds to state:

> Article 2, the Management Rights provision, gives the Company the right to "terminate, discharge, discipline . . . employees," doing so however as long as "these rights shall not be contrary to specific provisions of this Agreement." However, the [CBA] contains no "specific provision" giving the Company the right to discharge at will . . . .

41. The Award relies on the singular mention of "just cause" in the article relating to payout of accrued vacation benefits to terminated employees and implies / infers that a "just cause" standard under this sole article means Nemerowicz's discharge should be evaluated under a "just cause" standard, despite the absence of such language from Article 6 ("Discipline") of the CBA.

42. The Award references Local 503's unfair labor practice charge filed at Region 3 of the National Labor Relations Board ("NLRB") and cites the standard enumerated in Section 8(a)(3) of the NLRA. Over the objection of Cascades, the Arbitrator evaluated the merits of Local 503's (and Nemerowicz's) unfair labor practice charge when issuing his Award.

43. As a result, the Arbitrator determined Petitioner was "motivated to remove Nemerowicz from employment in violation of his exercise of protected rights," and therefore, did not have "just cause" to terminate his employment, thereby violating Article 6 of the CBA.

## **THE AWARD SHOULD BE VACATED**

44. Cascades requests that this Court vacate the Arbitrator's Award on the grounds that (1) the Arbitrator exceeded his powers and authority, and (2) the Arbitrator's Award constitutes a manifest disregard of the law. See 9 U.S.C. § 10; Sutherland Global Servs. v. Adam Techs. Int'l SA de C.V., 639 Fed. Appx. 697 (2d Cir. 2016); see also CPLR § 7511(b)(1)(iii).

45. Under § 10(a)(4) of the FAA, a court may vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Similarly, under CPLR § 7511(b)(1)(iii), an arbitration award shall be vacated if the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made."

46. The Arbitrator's power and authority were defined by the CBA and the issues presented by the parties.

47. The Arbitrator had no authority to bind the parties beyond the authority delegated to him.

48. The CBA is purposefully silent regarding cause or just cause for termination and imposing any such burden on Cascades far exceeds the scope of the Arbitrator's authority under the CBA.

49. As the CBA does not impose a cause or just cause standard for employee terminations, the New York common law employment at-will doctrine applies.

50. By dismissing the employment at-will doctrine – the unquestioned law in New York when there is no contract stating otherwise – the Arbitrator exhibited a manifest disregard of the law by inferring a just cause standard that does not exist in Article 6 of the CBA.

51. The issues presented to the Arbitrator relate to whether Cascades properly terminated Nemerowicz under Article 6 of the CBA, which contains no limitation on the ability of Cascades to terminate employees and affirmatively lacks any "cause" prerequisite for employee termination.

52. The Arbitrator went beyond the scope of the CBA and exceeded the authority vested in him by the CBA when making a determination on the merits of the unfair labor practice charge filed by Local 503.

53. The CBA does not contain language prohibiting discrimination based on union activity or rights protected by Sections 7 or 8(a)(3) of the NLRA and there is no provision of the CBA that confers authority to the Arbitrator to decide such issues.

54. Any portions of the Award discussing the unfair labor practice charge – which the Arbitrator improperly relied upon to attribute a retaliatory motive upon Petitioner and used to incorrectly determine that Petitioner did not have just cause to terminate Nemerowicz's employment, when the CBA as negotiated does not require the Petitioner demonstrate cause when terminating employees – far exceed the authority bestowed to the Arbitrator.

55. The Arbitrator had no power to go beyond the issues submitted by the parties and/or the authority granted under the CBA.

56. No arbitrator, including the Arbitrator at issue here, has the authority to override or exceed the powers conferred upon him by the CBA.

57. For the reasons set forth herein, the Award should be vacated.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for judgment against Respondent as follows:

a. That the Court enter judgment on Cascades's Petition to Vacate the Arbitration Award in favor of Cascades and against Local 503;

b. That the Arbitrator's Award be vacated, as set forth above;

c. That Cascades be awarded reasonable attorney's fees and other costs incurred herein; and,

d. For any other relief the Court deems just and proper.

Dated: January 2, 2020

Respectfully submitted,

*ATTORNEYS FOR PETITIONER*
*CASCADES CONTAINERBOARD*
*PACKAGING – LANCASTER DIVISION*

By: _____
Vincent E. Polsinelli
Ian B. Bogaty (*Pro Hac Vice forthcoming*)
JACKSON LEWIS P.C.
677 Broadway, 9th Floor
Albany, NY 12207
T: 518-512-8700
F: 518-242-7730
vincent.polsinelli@jacksonlewis.com
ian.bogaty@jacksonlewis.com

**CERTIFICATE OF SERVICE**

  This is to certify that on this 2nd day of January 2020, the foregoing was sent via overnight mail to:

Daniel E. Kornfeld, Esq.<br>
Blitman & King LLP<br>
Franklin Center, Suite 300<br>
443 North Franklin Street<br>
Syracuse, New York 13204-5412

_/s/ Vincent E. Polsinelli_
Vincent E. Polsinelli